IN RE ELECTION OF DISTRICT JUDGES.

1. The constitution of Colorado, article 6, section 12, provides that district judges shall be elected for a term of six years. Section 15 provides that the terms of all district judges shall expire on the same day. Section 29, providing for vacancies, authorizes those elected to hold their office for the unexpired term. Section 14, as it stood in 1878, provided for an increase in the number of districts and judges not oftener than once in six years. By the amendment of 1886 such increase can be made at any legislative session, and such an increase was made in 1887. *Held* that, in order to cause the expiration of all terms on the same day, the provision of section 12 is to be considered as so far modified that the judges of new districts, and additional judges of old districts, hold only until the next regular election of judges.

2. The term " vacancy " applies to an existing office without an incumbent, although the office has never before been filled.

OPINION rendered pursuant to the following request of the governor:

*To the Honorable Judges of the Supreme Court:*

GENTLEMEN — By section 3 of a constitutional amendment adopted November 2, 1886, it is provided that the supreme court shall give its opinion upon important questions, upon solemn occasions, when required by the governor. The general assembly, by an act approved thereof March 24, 1887, divided the state into nine judicial districts. In accordance with the power given it by section 12 of the amendment to the constitution adopted November 2, 1886, the county of Arapahoe constitutes the second judicial district, and by section 15 of the aforesaid act said Arapahoe county became entitled to two judges. By section 9 of said act the counties of Boulder, Weld, Larimer and Logan constitute the eighth judicial district; and by section 10 the counties of Pitkin, Garfield, Grant and Routt constitute the ninth judicial district. At the last general election a judge was elected in each of said districts, and each of said judges now claims that he is entitled to hold the office for the term of six years by virtue of his election. I have been re-

quested by the secretary of state, upon whom are devolved certain duties under general section 1168, page 414, General Statutes, in regard to notice of election, to exercise my prerogative and request of the supreme court an opinion in the premises. The question submitted, therefore, is: "For what length of time were the judges of these three districts elected?" And to the end of removing all doubt in the premises at as early a date as possible, in the interest of the public good, you are respectfully requested to give such an opinion at your earliest convenience.    Truly yours,

ALVA ADAMS, Governor.

ELBERT, J. · Prior to the act of March, 1887, referred to, the state was divided into seven judicial districts. The act of 1887 increased the number of districts to nine, and the eighth and ninth districts referred to were new districts, in which there was no district judge, and for which the governor was authorized, under the provisions of the act, to appoint a judge, as in case of a vacancy, who should hold his office until the next general election, and until his successor was elected and qualified. For each of these new districts a judge was elected at the last general election, and the claim they make presents the question whether they hold for a full term of six years or for a fractional or unexpired term ending at the time fixed by law for all the terms of district judges to expire. The question is not without difficulty, and must be determined by a consideration of a number of provisions contained in article 6 of the constitution, wherein the framers of that instrument outlined a general judicial system for the state. As originally adopted, article 6 of the constitution provided, inter alia, (1) by section 12, that the term of office of district judges should be for six years; (2) by section 15, that the term of office of all judges of the district court elected in the several districts throughout the state should expire on the same day. The legis-

lature of 1877, the first which assembled under the constitution, provided that at the general election in 1882, and every six years thereafter, there should be elected in each judicial district one judge of the district court. Sec. 1157, Gen. St. It was also provided that the regular term of office of all state, district and county officers, and of the judges of the supreme court, should commence on the second Tuesday of January next after their election, except as otherwise provided by law. Gen. Laws, § 936. This secured the uniformity in the commencement, duration and termination of the terms of office of district judges which the constitutional provisions cited contemplated. Having prescribed the two foregoing rules respecting the duration of term and the end of term of district judges as permanent rules regulating the district system, it became necessary for the framers of the constitution to provide for certain contingencies that were liable to interrupt the regular working of the system which they had established. Among the contingencies foreseen and provided for was (1) the contingency of vacancies in judicial offices; (2) the contingency of a demand for an increased number of judicial districts. To meet the first contingency they adopted section 29 of article 6, as follows: "Sec. 29. All officers provided for in this article, excepting judges of the supreme court, shall, respectively, reside in the district, county, precinct, city or town for which they may be elected or appointed. Vacancies in elective offices shall be filled by election; but, when the unexpired term does not exceed one year, the vacancy shall be filled by appointment, as follows: Of judges of the supreme and district courts, by the governor; of district attorneys, by the judge of the court to which the office appertains; and of all other judicial offices, by the board of county commissioners of the county where the vacancy occurs." To meet the second contingency they adopted section 14 of article 6, as follows: "Sec. 14. The general assembly

may, after the year 1880 (whenever two-thirds of the members of each house shall concur therein), but not oftener than once in six years, increase the number of the judicial districts and the judges thereof. Such districts shall be formed of compact territory, and bounded by county lines, but such increase or change in the boundaries of a district shall not work the removal of any judge from his office during the term for which he shall have been elected or appointed." It is clear, under the provisions of section 29 as originally adopted, that, in case of a vacancy and an election to fill it, the election would be for an unexpired term. Such is the express language of the section. The first legislature, however, submitted for adoption an amendment to section 29 of this article, which was adopted in 1878, and which provides, inter alia, that "the judges of the supreme, district and county courts appointed [to fill vacancies] under the provisions of this section shall hold office until the next general election, and until their successors elected thereat shall be duly qualified." The section, as amended, does not use the phrase "unexpired term," possibly and presumably for the plain reason that it would not always express the fact; as, for instance, when the "next general election" was not for the year fixed by law for the election of judges of the district court in all the districts. In such case the term of the appointee of the governor to fill the vacancy would cover the unexpired term, and the successor would be elected, not for an unexpired term, but for a full term. The section must be taken as having been framed and adopted with reference to the general and permanent provisions of sections 12 and 15 of the same article, and must be construed in harmony with them, to the end that all of the provisions of the article shall be operative. This requires us to hold that section 29 contemplates an election for an unexpired term when one exists. Thus construed, there is no difficulty in harmonizing the various provisions of article 6 of the

constitution as they stood amended in 1878. With the power to increase the number of judicial districts exercised but once in six years, under the provisions of section 14 as it then stood, there was no difficulty in conforming literally to the requirements both of section 12 and section 15 of the article. For every new district established, the constitution created the office of district judge with a term for six years. In case of an increase of judicial districts, judges for the new as well as the old districts would be elected at the same general election and in the same year, for like terms of six years, which would expire at the same time.

It remains to consider what change, if any, has been introduced by the amendments to this article of the constitution, adopted November 2, 1886. We find that section 12, as amended, makes no change in the six-year period. Acts 1887, p. 483. Section 15 stands as originally adopted, and requires that the terms of all district judges throughout the state shall all expire upon the same day. Section 29 stands as amended and adopted in 1878, and must be construed now, as before, with reference to all of the provisions of the article, to the end that all may be made harmonious and operative. A material change, however, was made in section 14 of the article. This section, as amended, lodges with the general assembly the power to increase or diminish the number of judges for any district, and the power to increase the number of judicial districts and the judges therefor. Under the section as it originally stood, the power could not be exercised "oftener than once in six years." As amended, the power is general, and may be exercised at any legislative session. In pursuance of its provisions, the general assembly passed the act of March 24, 1887, dividing the state into nine districts. The result is that, under the act of 1887 referred to, there has been a judge elected for every new district established by the act for either a full term of six years or a fractional term of less

than six years. If the first, then the terms of all the district judges throughout the state will not expire at the same time, and the rule prescribed by the fifteenth section is not satisfied. If the last, then these judges have been elected for a term less than six years, and the rule prescribed by section 12 is not satisfied. It is plain to see that no legislation, under the amended section, can be made to literally comply with the requirements both of sections 12 and 15, unless it should concur in point of time with the year when judges for all the districts throughout the state are to be elected. The plain results which necessarily flow from the change made in the section must be accepted as having been foreseen and understood by its framers, and one of two purposes must have existed. It was the intention either (1) to abandon the rule prescribed by section 15, that the terms of office of all district judges should expire at the same time, and leave all terms full terms expiring at different times; or (2) to modify the rule prescribed by the twelfth section so far as to authorize a fractional term in the first instance, in the case of the establishment of new districts. If the first was intended, the abandonment of the rule of the fifteenth section would necessarily be permanent, and the want of uniformity perpetual. It is difficult to believe that such a radical intention would have been left to inference, and not find expression in an express repeal of section 15. If the second was intended, then the departure from the rule of the twelfth section would be but occasional and infrequent, incident only to an increase of districts, as well as temporary in its character, lasting only until the next general election, when district judges for all the districts would be elected for full terms, to expire at the same time, as required by the twelfth and fifteenth sections. It is to be remembered that section 14 does not concern the permanent form and structure of the judicial system established, as do sections 12 and 15, but concerns a contingency demanding its en-

largement.   Its provisions are not to be construed as changing or modifying the general system further than may be necessary to meet the contingency intended to be provided for.   We are of the opinion that, in amending section 14 so as to admit of the increase of the legislative power to increase the number of districts at any legislative session, a fractional judicial term, in the first instance, of less than six years, in the case of the establishment of a new judicial district, was contemplated, as also that it should be filled, as in case of vacancy, by appointment and election, under the provisions of section 29; in other words, that section 12, which provides that the term of office of district judges shall be for six years, is to be taken *sub modo*,— that is to say, subject to the contingency of a vacancy and unexpired term provided for in section 29, and subject also to the contingency of an exercise of the legislative power increasing the number of districts, and resulting in a fractional term.   We adopt this construction, as it is the one which the least interferes with the general system outlined in article 6 of the constitution.   The legislation of the state, so far as we have been cited to it, is in harmony with these views.   The same argument applies to the case of an increase of the number of judges in a district, as was the case in the second district.   It was held in the case of *People v. Rucker*, 5 Colo. 455, that the term " vacancy " applied to an existing office without an incumbent, although it had never before been filled.   It was therefore entirely competent for the legislature, under the provisions of section 29, to provide that the office of district judge in a new district should first be filled, as in case of vacancy, by appointment by the governor, and thereafter by election.

In the view we have taken, there is no foundation for the claim that the judges mentioned were elected for the full term of six years.