Honorable Mary Estill Buchanan Secretary of State 1575 Sherman Street, 2nd Floor Denver, CO 80203
Dear Mrs. Buchanan:
This is to respond to your letter of November 6, 1980, in which you request an opinion as to whether, upon the recall of a county officer, there is a vacancy to be filled by appointment or whether the recalled officer serves until his elected successor qualifies for that office.
QUESTION PRESENTED AND CONCLUSION
In your letter you sought an answer to the following question:
When a county officer is recalled and the results of that election are certified, is a vacancy created to be filled by appointment of the county commissioners or does the recalled officer serve until his successor is elected and qualifies for that office.
 My conclusion is that when a county officer is recalled, the incumbent is not deemed removed and the office does not become vacant until such time as the individual elected at the subsequent special election qualifies to hold that office, and the recalled county officer serves until that time.
ANALYSIS
The recall of county officers under C.R.S. 1973, 30-10-201et seq., as amended, is established as a two-step process in which the recall election is held first, and if the incumbent is recalled from office, then a subsequent special election is held within 45 days following the recall election to elect his successor (C.R.S. 1973, 30-10-204). This procedure is different from the procedures for the recall of state and certain municipal officers in which the recall election and the special election to fill that office are held at the same time on the same official ballot. (Colo. Const., art. XXI, § 3; C.R.S. 1973, 31-4-504).
C.R.S. 1973, 30-10-105 provides that every county office shall become vacant upon the happening of any one of several events before the expiration of the term of office, including "the removal of the incumbent." The statute which provides for the recall of county officers specifically provides that a recalled officer "shall be deemed removed from office" upon the qualification of his successor. C.R.S. 1973, 30-10-204(4). Recall of a county officer is therefore the "removal of the incumbent" under C.R.S. 1973, 30-10-105, and a vacancy is created in the office when the officer is deemed removed.
The next issue is whether the county commissioners may proceed to fill the vacancy caused by the recall of an incumbent county official by appointment under Colo. Const., art. XIV, § 9
(Supp. 1979), with said appointee holding office until the special election can be held within 45 days from the date of the recall, or whether the recalled incumbent continues to hold office until such time as there is a special election and the individual elected at such election qualifies for office.
C.R.S. 1973, 30-10-204(4), borrowing language directly from Colo. Const., art. XXI, § 3, indicates that if a majority votes for the recall of the incumbent at the recall election, "such incumbent shall thereupon be deemed removed from office uponthe qualification of his successor." In analyzing the county recall scheme as a whole, including the language in C.R.S. 1973, 30-10-204(4), it would appear that the general assembly intended that if a county officer is recalled, there shall not be a vacancy in that office until such time as the special election is held and the person chosen at such election qualifies for that office. In this analysis, because the incumbent is not deemed removed from the office until the successor is qualified, it would appear that in this instance the county commissioners would not appoint an interim official pursuant to Colo. Const., art. XIV, § 9 (Supp. 1979), but would proceed only to hold the special election.
The timing of the occurrence of the vacancy under this analysis is such that the vacancy does not occur until the successor qualifies for that office. Under the statutes, a county office is vacant upon the removal of the incumbent, and that removal does not occur until his elected successor is qualified.
The statutory scheme set forth in C.R.S. 1973, 30-10-201, etseq., as amended, and analyzed above, does not create a "vacancy" in office as that term is generally construed. (SeePeople ex rel. Bentley v. Le Fevre, 21 Colo. 218,40 P. 882 (1895).) Under the specific directive of the county recall statute, the office of the recalled official becomes vacantonly at that moment when a qualified successor steps forward to fill that office. And further, the statute provides that that successor is the individual elected at the subsequent special election. The statutory scheme does not contemplate that a successor could be appointed. Therefore without qualification of the duly elected successor, no vacancy in the office is created, and no power of appointment could ever be exercised.
Therefore, it is my opinion that when a county official is recalled and the results of that election are certified, the office does not become vacant until such time as the successor elected in the special election qualifies to hold office.
SUMMARY
When a county official is recalled and the results of that election are certified, that office becomes vacant upon the qualification of the successor who is chosen at a special election. The incumbent under C.R.S. 1973, 30-10-204(4) is not deemed to be removed from office until his elected successor qualifies, and therefore technically there is no vacancy until that time. Therefore, the recalled county officer continues in office until his elected successor qualifies to assume that office.
Very truly yours,
 J.D. MacFARLANE Attorney General
COUNTIES ELECTIONS
C.R.S. 1973, 30-10-201 et seq. C.R.S. 1973, 31-4-504
Colo. Const. art. XXI, § 3
Colo. Const. art. XIV, § 9
SECRETARY OF STATE DEPT. Elections, Div. of
When a county official is recalled and the results of that election are certified, that office becomes vacant upon the qualification of the successor who is chosen at a special election. The incumbent under C.R.S. 1973, 30-10-204(4) is not deemed to be removed from office until his elected successor qualifies, and therefore technically there is no vacancy until that time. Therefore, the recalled county officer continues in office until his elected successor qualifies to assume that office.