PEOPLE EX REL. WILLIAMS V. REID.

1. Original proceedings in the supreme court by information in the nature of *quo warranto* take place under the constitution; the code chapter relating to the usurpation of offices or franchises has no application; the sufficiency of the pleadings in such cases must be tested by common-law rules.
2. Under the constitution the official acts of a county commissioner whose term of office has expired, but whose successor has not qualified, are valid.

ORIGINAL proceeding in the nature of *quo warranto.*

The legislature, in 1877, adopted a law changing the beginning of the term of office of county treasurers in the state from the second Tuesday in January to the second Tuesday in July. The supreme court held, in response to a legislative question on the subject, that this

act operated to create a vacancy in the office between the dates mentioned, upon the expiration of the terms of the present incumbents, which vacancy the county commissioners were authorized to fill. 9 Colo. 631. The term of office of respondent Reid expired on the 9th of January of the present year. He had, however, at the preceding election been re-elected to the same position. On the same day the term of office of May, one of the county commissioners, also expired, and Ordway was duly elected to succeed him. May, whose regular term of office expired at midnight preceding, met with the other two commissioners on the morning of January 10th, it being an adjourned meeting, and the board proceeded as usual to transact business. Among the matters considered and acted upon was the vacancy in the office of county treasurer. This vacancy was filled by a vote of two to one, the ballot of May and one of the other commissioners being cast for Reid. Reid thereupon filed his bond, which was approved, took the oath of office, and proceeded to discharge his official duties. At the afternoon session of the board, May retired, and Ordway, the new commissioner, took his place. Among the proceedings during this meeting were a resolution rescinding the action taken in the forenoon with reference to the treasurer, and appointing relator, Williams, to the office. Williams received two votes, while one was cast against him. He entered into bond, which was approved, and filed his oath of office as required by law. Respondent Reid refused to turn over the custody of the books, funds and other property belonging to the treasurer when demand was made therefor by Williams. Thereupon this proceeding was instituted by the attorney-general, at the relation of Williams, to test the respective rights of Williams and Reid to the office in question.

Mr. SAMUEL P. ROSE and ALVIN MARSH, Attorney-General, for complainant.

Messrs. MARKHAM and DILLON, for respondent.

HELM, J.   This cause is now submitted for consideration upon the following pleadings, to wit, the information, plea, and a general demurrer challenging the sufficiency of the plea.   The jurisdiction invoked is original, not appellate.   It has been held that original proceedings in this court, by information in the nature of *quo warranto*, take place under the constitution, not under the code chapter relating to the usurpation of offices or franchises.   Also that the changes made by this chapter of the code, "in the form of remedies and in the practice, affect the district courts, not the supreme court." *People v. Curley*, 5 Colo. 417.   Therefore the sufficiency of the pleadings before us must be tried under the common-law rules of practice, as well as the common-law principles, applicable to such proceedings.   The plea of respondent denies "generally and specifically each and every allegation" contained in the information, except such as by the plea are specifically admitted.   This denial is not in technical common-law language, but it constitutes a substantial traverse of the matters not admitted.   Hence, at the present time, we cannot accept as an admitted fact the declaration of the information that Ordway filed his bond, took the oath of office, and duly qualified as county commissioner, prior to the afternoon of January 10th, when he first appeared and acted with the board.

Under the constitution, section 1, article 12, May, as the outgoing incumbent, was clearly authorized to exercise the duties of his office until his successor had duly qualified.   Therefore, at the meeting of the commissioners on the forenoon of January 10th, Ordway not having qualified, May was still clothed by law with power to discharge the duties of county commissioner.   He was the *de jure* as well as *de facto* incumbent of the office, and his official acts were undoubtedly valid.   These conclusions determine this controversy at the present stage of the pleadings.   When the board met on the afternoon of January 10th, respondent had been selected by a vote of

two to one to fill the existing vacancy in the office of county treasurer. He had filed his bond, duly approved, taken the oath of office, and was proceeding in the discharge of his official duties. There was therefore at the time of relator's alleged election no vacancy for the commissioners to fill. Their resolution attempting to rescind the proceedings of the morning session cannot be held to have re-created the vacancy.

The demurrer must be overruled.

*Demurrer overruled.*