[No. 6877.]

THE PEOPLE EX REL. CALLAWAY v. DE GUELLE.

1.   Public Officers—Appointment—Vacancy — One appointed to fill the vacant and unexpired term of a public office holds precisely as his predecessor would have done had the vacancy not occurred.—(19)

The provisions of sec. 9 of art. XIV of the constitution are limited by secs. 10 and 11 of article XII. One elected to a public office has a contingent or inchoate right which becomes absolute upon qualification. No one else can enter into the office during the term for which another is elected, until the officer elected is ousted, or his right terminated, which can never occur

until the day appointed by law for the commencement of his term. If at that date he has failed to qualify, the office is vacant. Therefore, where the sheriff incumbent was re-elected, but failed to qualify for the second term, and died before his first term expired, one appointed by the board of county commissioners to the vacancy, held only to the second Tuesday of the succeeding January, the day appointed by law for the commencement of the second term of his predecessor, even though by express terms, his appointment was "until the next general election"; that upon the second Tuesday of the succeeding January there was a vacancy, and one then appointed by the county commissioners to fill it was entitled to the office until the next general election.—(20-25)

*Error to Montrose District Court*—Hon. SPRIGG SHACKELFORD, Judge.

Mr. R. M. LOGAN, District Attorney, Mr. HUGO SELIG and Mr. T. J. BLACK, for plaintiff in error.

Messrs. BELL, CATLIN & BLAKE and Mr. P. W. MOTHERSILL, for defendant in error.

At the annual election in November, 1906, one James C. Taylor was elected sheriff of Montrose county for the term of two years, commencing on the second Tuesday of January, 1907. He duly qualified and entered upon the duties of the office, which he continued to perform until the 23d day of November, 1908, when he died. He was, however, prior thereto, and at the general election in November, 1908, re-elected for the term of two years, beginning on the second Tuesday of January, 1909, but had not, at the date of his death, qualified for the second term.. On the 29th day of December, 1908, the board of county commissioners of said county appointed the defendant in error, sheriff thereof, to fill the vacancy in said office "until the next general election," and said appointee thereafter qualified, and on January 2, 1909, entered into said office and has since performed the duties thereof. On the 12th of

January, 1909, being the commencement of the two-year term for which James C. Taylor was elected in 1908, the board of county commissioners, by a resolution, declared the office of sheriff for said term vacant, and appointed the relator to fill such vacancy "until the next general election." The relator on the same day qualified, and demanded of the defendant in error to be let into the possession of said office, but the latter refused to comply with said demand. Thereupon the district attorney brought a suit in the nature of *quo warranto* to have defendant ousted from, and the relator admitted into, said office. Judgment went against the relator and in favor of the respondent, and to review that judgment this suit is prosecuted.

Counsel have cited, as bearing upon and necessary to a determination of the case, several constitutional and statutory provisions, to wit:

Colo. Const., art. XII, § 1: "Every person holding any civil office under the state, or any municipality therein, shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified," etc.

*Idem.*, art. XIV, § 9: "In case of a vacancy occurring in the office of county commissioner, the governor shall fill the same by appointment; and in case of a vacancy in any other county office, or in any precinct office, the board of county commissioners shall fill the same by appointment; and the person appointed shall hold the office until the next general election, or until the vacancy be filled by election according to law."

*Idem.*, art. XII, § 10: "If any person elected or appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law, such office shall be deemed vacant."

*Idem.*, art. XII, § 11: "The term of office of any

officer elected to fill a vacancy shall terminate at the expiration of the term during which the vacancy occurred.''

*Idem.*, art. VI, § 29 : This section deals with the judiciary exclusively, and is referred to in § 1589, Mills' Ann. Stats., *post.*

Sec. 808, Mills' Ann. Stats.: ''In case of any vacancy now existing or which may hereafter occur in any county office, except that of county commissioner or county judge, whose unexpired term of office shall exceed one year, or in any precinct office in any county of this state, by reason of death, resignation, removal or otherwise, the county commissioners of said county shall have power to fill such vacancy by appointment until an election can be held as provided by law.''

Sec. 924, *idem.*: ''Every county office shall become vacant on the happening of either of the following events before the expiration of the term of office: First, the death of the incumbent; second, his resignation; third, his removal; fourth, his ceasing to be an inhabitant of the county for which he was elected or appointed; fifth, his conviction of any infamous crime, or any offense involving a violation of his official oath; sixth, his refusal or neglect to take his oath of office, or to give or renew his official bond, or to deposit such oath and bond within the time prescribed by law; seventh, the decision of a competent tribunal, declaring void his election or appointment.''

Sec. 1586, *idem.*: ''Any of the said officers that may be elected or appointed to fill vacancies may qualify and enter upon the duties of their office immediately thereafter, and if elected they may hold the same during the unexpired term for which they were elected, and until their successors are elected and qualified, but if appointed they shall hold the

same only until their successors are elected and qualified."

Sec. 1589 *idem.:* "All vacancies in any county or precinct office of any of the several counties of the state, except that of a county commissioner, shall be filled by appointment by the county commissioners of the county in which the vacancy occurs until the next general election, when such vacancy shall be filled by election subject to the provisions of § 29, art. VI, of the constitution."

Mr. Justice White delivered the opinion of the court:

Defendant in error contends: That in case a person holding office under proper election and qualification dies, his successor is to be appointed by the board of county commissioners for a term extending until the next general election, at which time his successor is to be designated by election; that between the first appointment and the next general election there can be no other appointment, unless a vacancy occurs by reason of the happening to the first appointee of one of the things mentioned in § 924, Mills' Ann. Stats.

And, in any event, Taylor having died and defendant having been appointed to the vacancy occasioned thereby, the latter is entitled to hold the office, not only during the unexpired term of Taylor, under the election of 1906, but until a successor appears who has been elected by the people of the county at large, and who subsequently qualifies.

The relator claims: That the law divides the right to the office into certain terms, each of two years' duration; that inasmuch as Taylor did not appear on January 12, 1909, claiming and qualifying for the office under the election of November, 1908, the office for that term, under § 10, art. XII, const.,

(2)

became vacant and the board of county commissioners properly so declared, and, under § 9, art. XIV, const., appointed him to fill such vacancy.

It is argued that, under § 9, art. XIV, of the constitution, and § 808 and § 1589 of the statutes, a person appointed to fill a vacancy in such office as here under consideration would hold the same, not only for the unexpired term in which the vacancy occurred, but also for the succeeding term, until the election of 1910, as no election can, according to law, be held until then. Adopting that interpretation, such would be the effect thereof, notwithstanding a sheriff elect was then demanding, and ready to assume the duties of, the office to which he had been chosen by the people. That a person elected to an office for a specific term, to commence *in future,* should be deprived of the office to which he was elected, because a vacancy subsequently occurred in a preceding term, to fill which a person was appointed under a law declaring that such appointment shall be "until the next general election" is so unjust, unreasonable and absurd, that such construction must be avoided, unless the constitution and the law imperatively require it.—*Murray v. Hobson,* 10 Colo. 66, 73; *Edwards v. D. & R. G. Co.,* 13 Colo. 59, 63.

In considering this matter, it will be helpful, and show the absurdity of a particular construction hereinafter suggested, to suppose that Taylor, the then sheriff and sheriff elect, had lived until January 12, the commencement of the new term, and had then refused, or neglected to qualify as required by statute. Would he have been permitted under his previous election and qualification, to continue to exercise the duties of the office for two years thereafter, notwithstanding such default? Certainly not, if the county commissioners desired to act, and exercised

the constitutional power, § 10, art. XII, *supra,* vested in them of appointing a successor to fill the vacancy.

Let us put the matter in another way: Suppose instead of Taylor being re-elected, his opponent had been elected, but the latter thereafter did not, for whatsoever reason, qualify as required by law. Certainly, under such circumstances, upon the arrival of the term, a vacancy would have existed therein, and the board of county commissioners would have had the right to fill it under the constitution, § 10, art. XII, and § 9, art. XIV, *supra,* notwithstanding Taylor was then exercising and continued to exercise the duties of the office until such appointee qualified. When we consider together the several constitutional and statutory provisions, it is very clear that such is the intent of the constitution and the law.

It is clear to our minds that a person elected or appointed to fill a vacancy in an unexpired term of a public office, such as sheriff, holds precisely as his predecessor would have held had he continued in office, and in no other way; and has the same rights, and none other, that such predecessor would have had.

Counsel on both sides practically agree that such is the law. The relator asserts, and the respondent concedes, that "an appointee to an unexpired term holds precisely as his predecessor in office could have done," and "may not claim a larger or greater tenure of office than the person elected, whose place he takes, had." They both concede that the person elected, or the person appointed "would hold only until the qualification of his successor."

If § 9, art. XIV of the constitution ended with the words, "and a person appointed shall hold the office until the next general election," and the section was unaffected by other provisions of the constitution, it might logically be argued (though a holding to that

effect would, as above appears, be absurd) that whatever its effect in any given case, the appointee would hold "until the next general election." Fortunately the section does not end with those words, and is affected by other provisions of the constitution. The words in said section, "or until the vacancy be filled by election according to law" following those just quoted, certainly mean something. And §§ 10 and 11, art. XII, of the constitution, must be given and ascribed their full force and effect. Sec. 11, art. XII, const., quoted above, together with the law, limits the term of office of one filling a vacancy "to the expiration of the term during which such vacancy occurred." And § 10, art. XII, of the constitution, also quoted above, establishes a legal vacancy in the office "if the person elected or appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law."

Considering together the several constitutional provisions involved, and giving to each the meaning which the language necessarily implies, it is clear that when a person is elected to a term, under the constitution, a contingent or inchoate right to the office is vested in him, which becomes absolute upon his qualification. He is elected to the term and no one else can enter therein until he is ousted therefrom, which can never be until the commencement of the term. When he does not qualify, the contingent right is gone. There is no one legally entitled to the term, and when the date of the term arrives there is a vacancy under the constitution, though there be some one actually and legally performing the duties of the office.

The law that created the office established the right to hold the office by terms of two years each. —§ 848, Mills' Ann. Stats. It, in effect, divided the future into periods of two years, and designated each

period a term.   When the law created the term, and fixed the commencement and ending of each term, it provided for the filling of each term by a biennial election, but does not permit the person chosen to assume the duties of the office until he files a bond and oath of office, which must be done before the commencement of the term, or "the office shall be deemed vacant."—§ 10, art. XII, Colo. Const.

"'Vacancy' applies not to the incumbent, but to the term, or to the office, or both, whether to the term, or to the office, or both, depending generally upon the context," is the doctrine declared in *People ex rel. v. Le Fevre*, 21 Colo. 218, 230.

And in *Monash v. Rhodes*, 11 Col. App. 404, 409, the court says: "As we take it, and according to our view of the word 'vacancy' as used in modern times, it relates not only to the office which is to be filled, but to the term for which the appointment is to be made.  It is constantly used in statutes and constitutions with reference to both office and tenure, and we believe that the proper interpretation of the word, when power is given to an executive or a board to fill a vacancy, is a power to fill the office designated for the unexpired term which may remain after the death, removal or resignation of the antecedent incumbent.  In other words, when the incumbent dies, is removed, or resigns, there is a vacancy not only in the office, but in the term, for which he was appointed, if that was for a definite period."

Clearly, then, the question of vacancy is measured by the term.  Taylor was elected in 1906 for a definite term of two years, and died November 23, 1908, so the unexpired term in which he was then an incumbent, and which remained after his death, was until the 12th day of January, 1909.  In the language of the opinion just quoted, the power given to fill the

vacancy is "a power to fill the office designated for the unexpired term."

By the election of 1908, the term commencing on the 12th of January, 1909, was filled by election, but until the term arrives and the person filling it qualifies, he cannot exercise the duties thereof, and the incumbent of the preceding term continues to perform the duties until his successor qualifies, who may be the person elected, or the person appointed, under § 9, art. XIV, of the constitution, to the vacancy arising under § 10, art. XII, of the constitution.

But it is said that, while defendant was appointed to fill the vacancy in the term to which Taylor was elected in 1906, the vacancy which occurred in that term of the office was by virtue of § 924, Mills' Ann. Stats., to wit: "the death of the incumbent," and that, from the language of that section it is the death of the *incumbent, his* resignation, *his* refusal or neglect to take his oath of office, or to give or renew his official bond, which creates the vacancy, and that Taylor's death could not have created two vacancies—one in that, and the other in the succeeding term. It is clearly evident, however, that § 10, art. XII of the constitution recognizes a legal vacancy that will authorize the appointment of a successor, even though nothing has happened to the real incumbent, and he is continuing to perform the duties of the office. Taylor had been elected. He had the inchoate right to become the actual incumbent of the office for the term commencing on January 12, 1909, and none other possessed such right. He could have qualified at any time after his election and before the commencement of his term. He neglected to do so. He failed to take his oath of office and file his official bond from the date of his election on the 8th day of November until the 23d day of that month, when his power to qualify for that term was ended

by death. His refusal and neglect, therefore, brought him clearly within the letter and spirit of said constitutional provision, and there was a legal vacancy in the office as soon as the term arrived.

Besides, were it necessary, we should hold that under §§ 10 and 11, art. XII of the constitution, the office for the term commencing January 12, 1909, became vacant upon that date, through the death of Taylor, and was in effect the neglect of Taylor to give bond and take the oath of office. True, as said in *State v. Hopkins,* 10 Ohio St. 509, 511: "This failure was caused by the act of God, and not by the laches of the party, but its *effect* upon the *office* is the same whatever may have been its cause."

We believe that the conclusion which we have reached gives meaning and effect to every word and sentence of the constitution, and if there is a seeming conflict in some of the statutory provisions, they must yield to the constitution.

A number of authorities have been cited by counsel for either side, supporting their respective contentions. In none of the cases, however, was there considered or involved constitutional provisions similar in form or substance to §§ 10 and 11 of art. XII of the Colorado constitution, nor do we find that our own courts have ever before considered said sections.

In *People ex rel. Robinson v. Boughton,* 5 Colo. 487, the respondent was the incumbent of the preceding term; his successor was elected, qualified and died before his term commenced; the county commissioners appointed Robinson to the new term and respondent contended for the right to hold over until the next election.

We there held that, as the deceased officer had qualified, a vacancy existed at the expiration of Boughton's term and pointed out that "The cases which hold, under similar constitutional provisions,

that the death of the officer elect before entering into possession of his office creates no vacancy'' are ''based upon the fact that such deceased officer had not qualified in his office.'' It is to be observed that the constitutional provisions determinative of this case, were not there under consideration, or even referred to, and the conclusions arrived at in that case in no wise conflict with the results here reached.

In *People ex rel. Williams v. Reid,* 11 Colo. 138, 141, Reid was serving in the office of county treasurer under a previous election, and his term would expire on the 9th of January following. He was, however, at the preceding election re-elected to the same position. The commencement of the term of office of county treasurer, however, had been changed from January to July. Reid was in the office, yet, inasmuch as his first term expired on the 9th of January, and the law had changed the commencement of the term of office to the second Tuesday in July, this court held that a vacancy existed in the office of county treasurer between said dates in January and July, and that Williams, who had been appointed by the board of county commissioners to fill the vacancy, was entitled to the office in the interim. The same constitutional and statutory provisions involved in this case were then a part of the law of the state.

We have no hesitancy in declaring that an appointee to fill a vacancy under our law holds until the next general election, if no new term intervenes between the time of his appointment and the time of such election, but if a new term commences during the interval, the term of the appointee ends and the one entitled to the new term has a right thereto, but if such one on the arrival of the term does not appear and qualify, though the reason thereof be death, there is a vacancy in the office for the term; that until an appointment is made, the incumbent of the previous

term holds over, but when an appointment is made, and the appointee qualifies, the previous term, and the rights of the incumbent to the office, are ended.

It, therefore, necessarily follows that the judgment of the trial court was wrong. The respondent should be ousted from the office of sheriff of Montrose county, and the relator admitted therein. The judgment is, therefore, reversed with instructions to the trial court to enter an order in conformity with the views here expressed.

*Reversed and remanded.*

Decision *en banc.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE GABBERT dissent.