## No. 9572.

### GIBBS *v.* THE PEOPLE, EX REL.

PUBLIC OFFICE—*Vacancy.* The County Clerk elect, dying before qualification, a vacancy in the office occurs on the expiration of the term of the then incumbent, to be filled by appointment of the County Commissioners.

*People v. Deguelle,* 47 Colo. 13, followed.

*Error to Delta District Court, Hon. Thomas J. Black, Judge.*

Mr. C. J. MOYNAHAN, Mr. WM. H. GABBERT, for plaintiff in error.

Mr. LEE BURGESS, District Attorney, Messrs. STEWART & STONE, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS is an action in *quo warranto* brought to test the right of H. K. Gibbs to the office of County Clerk and Recorder of Delta County, and to replace him by one John C. Watts, who claims to be entitled to the office. In the trial court Gibbs interposed a demurrer to the complaint, which was overruled. He elected to stand upon an objection and exception to that ruling. Judgment was entered for Watts, holding that he was entitled to the office, which judgment Gibbs brings here for review.

The essential facts are that Gibbs, for two years prior to the commencement of this action, was the duly elected, qualified and acting County Clerk and Recorder of Delta County. At a general election held in November, 1918, Carolyn Seaton was chosen to succeed him. Without qualifying for the position, and before the term of Gibbs had expired, Carolyn died. On January 14, 1919, after the expiration of the term of Gibbs, who was still acting, the County Commissioners of Delta County appointed Watts to the office, to serve from the date of his qualification until the next general election. He thereupon filed his official bond which was approved, and took the oath of office and then made demand for the place, which was refused. This action was then commenced, resulting in a judgment in favor of Watts, as above indicated.

The sole question is whether a vacancy occurred in the term of office of County Clerk and Recorder of Delta County by reason of the death of the newly elected official before qualifying. In other words was there a vacancy by reason of the facts above related after the term for which Gibbs had been regularly elected had expired? Section 10 of article 12 of the Constitution provides as to vacancy in office as follows:

"If any person elected or appointed to any office shall re-

fuse or neglect to qualify within the time prescribed by law such office shall be deemed vacant."

And section 1359, R. S. 1908, bearing upon the same subject is in the following words:

"Every county office shall become vacant on the happening of either of the following events before the expiration of the term of office: * * * Sixth, his refusal or neglect to take his oath of office or to give or renew his official bond or to deposit such oath and bond within the time prescribed by law."

The power to fill vacancies occurring in county offices is given by section 9, article 14, of the Constitution, as follows:

"In case of a vacancy occurring * * * in any other county office * * * the Board of County Commissioners shall fill the same by appointment; and the person so appointed shall hold the office until the next general election or until the vacancy be filled by election according to law."

And section 2333, R. S. 1908, provides:

"All vacancies in any county or precinct office of any of the several counties of the State except that of the County Commissioners shall be filled by appointment by the County Commissioners of the county in which the vacancy occurs, until the next general election, when such vacancy shall be filled by election subject to the provisions of section 29, article 6, of the Constitution."

It is contended by defendant that under the provisions of section 1389, *supra,* the death of the newly elected county clerk did not cause a vacancy, and that there could be no vacancy without the happening of one of the events enumerated in that section. It is urged that because Gibbs had neither resigned nor been removed, nor in any other manner brought himself within the perview of the statute, he is still the County Clerk and Recorder, that there was no vacancy, and that therefore the appointment of Watts was futile. This statute relates to an incumbent, and has nothing to do with the right of Watts to the office. His right rests upon section 10 of article 12 of the Constitution, *supra.* Under

that section, the duly elected officer, Carolyn Seaton, having failed to qualify, a vacancy occurred, and when Watts was appointed thereto and qualified, the right of Gibbs to longer hold over terminated. That Gibbs was entitled to hold until his successor was duly appointed is in accord with the words of section 1 of article 12 of the constitution, and of section 1355 R. S. 1908, but when a vacancy occurred, and Watts was appointed to the place and qualified, the thing had come about which put an end to the right of Gibbs to continue in the office.

The question involved has been frequently before the courts and there is a sharp conflict of opinion concerning it. See *Commonwealth, ex rel. Todd v. Sheatz,* 228 Penn. 301, 77 Atl. 547, 21 Ann. Cas. 54, 50 L. R. A. (N. S.) 374, and the note at page 378. This court, however, in *People v. De Guelle,* 47 Colo. 13, has passed upon and determined the question here in issue, and that decision is controlling. There the constitutional and statutory provisions applicable here were construed in order to determine when an office became vacant as matter of law. The facts of the *De Guelle* case are that Taylor was the sheriff of the county, holding by election. He was chosen to succeed himself, but before qualifying for the new term died. De Guelle was appointed to the vacancy in the old term created by Taylor's death. When the new term began Callaway was appointed by the Commissioners, and De Guelle contended that there was no vacancy, that he held over, and that the appointment of Callaway was a nullity. At page 21 of the opinion (105 Pac. 1112) it is said:

" 'Vacancy' applies not to the incumbent, but to the term, or to the office, or both, whether to the term, or to the office, or both, depending generally upon the context,' is the doctrine declared in *People, ex rel. v. Le Fevre,* 21 Colo. 218, 230, 40 Pac. 882.

"And in *Monash v. Rhodes,* 11 Colo. App. 404, 409, 53 Pac. 236, the court says: 'As we take it, according to our views of the word 'vacancy' as used in modern times, it relates not only to the office which is to be filled, but to the

term for which the appointment is to be made. It is constantly used in the statutes and constitutions with reference to both office and tenure, and we believe that the proper interpretation of the word, when power is given to an executive or to a board to fill a vacancy, is a power to fill the office designated for the unexpired term which may remain after the death, removal or resignation of the antecedent incumbent. In other words, when the incumbent dies, is removed, or resigns, there is a vacancy not only in the office, but in the term for which he was appointed, if that was for a definite period."

And at page 22 thereof (105 Pac. 1113) this announcement is made:

"Taylor had been elected. He had the inchoate right to become the actual incumbent of the office for the term commencing on January 12, 1909, and none other possessed such right. He could have qualified at any time after his election and before the commencement of his term. He neglected to do so. He failed to take his oath of office and file his official bond from the date of his election on the 8th day of November until the 23rd of that month, when his power to qualify for that term was ended by death. His refusal and neglect, therefore, brought him clearly within the letter and spirit of said constitutional provision, and there was a legal vacancy in the office as soon as the term arrived. * * *

"We believe that the conclusion we have reached gives meaning and effect to every word and sentence of the constitution, and if there is a seeming conflict in some of the statutory provisions they must yield to the constitution."

In finally disposing of the question the following occurs at page 24 of that opinion:

"We have no hesitancy in declaring that an appointee to fill a vacancy under our laws holds until the next general election, if no new term intervenes between the time of his appointment and the time of such election, but if a new term commences during the interval, the term of the appointee ends and the one entitled to the office has a right thereto,

but if such one on the arrival of the term does not appear and qualify, though the reason thereof be death, there is a vacancy in the office for the term; that until an appointment is made, the incumbent of the previous term holds over, but when an appointment is made, and the appointee qualifies, the previous term, and the rights of the incumbent to the office, are ended."

Counsel for Gibbs declare, undoubtedly in the utmost good faith, but apparently either without having carefully read or else not fully comprehending the case, that in *People v. De Guelle, supra,* this court passed only upon the question, namely, as to when the term of De Guelle expired, and that all other matter in the opinion is pure dictum. This statement is wholly without warrant of fact. The court, in order to determine all rights involved, was obliged to decide whether a vacancy occurred in the new term by reason of the death, before qualifying, of Taylor, who had been elected to succeed himself. This is so because both De Guelle and Callaway, the latter the County Commissioners' appointee, both claimed the right to hold as sheriff for the new term. That presented the precise question before us in the present case as to whether the death, before qualifying, of one elected to office creates a vacancy in the term to which elected, under Section 10 of Article 12 of the Constitution, and we there held unqualifiedly that under such provision a vacancy occurs, whether the failure to qualify comes through wilful neglect or refusal, or through impossibility because of death. And we also there held, which question was likewise then necessarily before us for decision, that the word "vacancy" relates to term of office as well as to the office itself, either or both, according to the facts of the particular case.

In strict conformity with the conclusion in the De Guelle case, and upon general principles and authority, we hold that, under the undisputed facts, there was a vacancy in the term of office of the County Clerk and Recorder of Delta County at the time the Commissioners appointed Watts. That his appointment was in all respects regular and proper, and

that he having duly qualified, is entitled to the office. The judgment of the trial court is therefore affirmed.

Judgment affirmed.

Decision *en banc.*

Mr. Chief Justice Garrigues not participating.

Mr. Justice Teller dissents.