**O'BRIEN et al. v. GASSOWAY, Dist. Judge, et al.**

No. 18317.    Opinion Filed June 7, 1927.

(Syllabus.)

1. **Elections—Contest—Action by Private Individual—Showing of Special Interest Necessary.**

A private individual bringing an action to declare an election void must show title or interest in the office involved, superior to that of other members of the general public.

2. **Same—Quo Warranto and not Injunction the Remedy Against One Holding Certificate of Election.**

A party having a due and proper certificate of election to an office is prima facie entitled to qualify and assume the duties of such office, and his right to do so cannot, on grounds of an illegal election, be tried and determined in an injunction proceeding, but must be determined in an action in the nature of a quo warranto.

3. **Prohibition — Remedy Against Inferior Court.**

Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law.

Original action for writ of prohibition by W. J. O'Brien and others against P. L. Gassoway, District Judge, et al. Writ ordered to issue.

G. L. Grant, for plaintiff.

D. D. Brunson and George Trice, for defendants.

HARRISON, J. This is a original proceeding by plaintiffs for a writ of prohibition to the Hon. P. L. Gassoway, judge of the district court of Coal county, Mr. Felix Wheeler, taxpayer, and Hon. E. Moore, acting county attorney of Coal county, to prohibit said respondents from proceeding further and from assuming to exercise further jurisdiction in a cause now pending in the district court of Coal county before said Hon. P. L. Gassoway, district judge, wherein said Felix Wheeler and the state of Oklahoma ex rel. E. Moore are plaintiffs, and these plaintiffs are defendants, and wherein the said plaintiffs below have procured an order from said judge restraining these plaintiffs from qualifying and assuming their duties as members of the school board of independent district No. 1, of the city of Coalgate, in said county, to which offices they have been duly elected; plaintiffs, in this proceeding, contending that neither of said defendants, Hon. P. L. Gassoway, as district judge, nor Felix Wheeler, as citizen and taxpayer, nor E. Moore, as acting county attorney, has any authority of law for proceeding in said matter, nor for exercising any jurisdiction in said controversy.

The facts out of which this controversy arose, and grounds upon which this application for writ of prohibition is based, are as follows:

Plaintiff herein, W. J. O'Brien, has the following certificate of nomination issued to him, to wit:

"State of Oklahoma, County of Coal, ss.

"To All To Whom These Presents May Come, Greeting:

"The county election board of said county hereby certifies that at the primary election held in Coalgate, Coal county, state of Oklahoma, on the 15th day of March, 1927, W. J. O'Brien was nominated by the Democratic party for the office of school board member, ward No. 1, city of Coalgate, in and

125-4

for said county and state, and is entitled to have his name appear upon the ballot as nominee of said political party, in the general election to be held in said city on the 5th day of April, 1927.

"Witness our hands this 16th day of March, 1927.

"The County Election Board of said County,

"By Ed King, Chairman.

"Attest: John R. Hickman, Secretary."

And plaintiffs Charley Burns and George Dalrymple each has a like certificate of nomination.

Also the said W. J. O'Brien holds the following certificate of election, to wit:

"State of Oklahoma, County of Coal, ss.

"To All To Whom These Presents May Come, Greeting:

"This is to certify that Ed King, John R. Hickman, J. B. Jones, members of the county election board, of the above named county, do hereby affirm, that at a general election held on the 5th day of April, 1927, for the election of school board officers, in accordance with the election laws of Oklahoma, W. J. O'Brien was duly and legally elected to the office of school board member, in and for the said ward No. 1, city of Coalgate, in said state, he having received the largest number of votes cast, as appears from the canvas of the votes cast and the determination of the board of canvassers of said election now on file in this office.

"Witness our hands and official seal at Coalgate, Okla., this 8th day of April, 1927.

"Ed King, Chairman,

"John R. Hickman, Secretary.

"J. B. Jones, Member."

And the said Charley Burns and George Dalrymple each holds a like certificate of election.

When the time came for said plaintiffs to qualify and assume the duties to which they were elected to perform, the said Felix Wheeler filed in the district court of Coal county the following petition, to wit:

"Petition.

"Comes now Felix Wheeler, plaintiff herein, and complaining of the defendants, W. J. O'Brien and Charley Burns, residents of the city of Coalgate, county of Coal, state of Oklahoma, alleges, states and avers:

"1. That this plaintiff is a property owner and taxpayer in the independent school district No. 1, Coal county, Okla., and lives and resides within said school district, and that said defendants, W. J. O'Brien and Charley Burns, also reside within said school district. That said defendants are claiming and asserting that they were elected as members of the board of education of said school district at a pretended election which was attempted to be held on the 5th day of April, A. D. 1927, and that unless said defendants are restrained and enjoined from so doing they will unlawfully attempt to take possession of the office of director or member of said board of education on or about the first meeting of said board in the month of May, 1927.

"2. For further cause of action plaintiff shows to the court that said attempted election on the 5th day of April, 1927, at which time the said Charley Burns claims to have been elected, was illegal and void for the following reasons: That said defendant claims that there was a vacancy in ward No. 2 in the city of Coalgate, Okla., at that time, and that he was elected to said vacancy, as a member of said board of education, but that in truth and in fact there was no vacancy in said ward, and that because of that fact no one could have been legally elected, and that because of that fact the said Charley Burns was not and could not have been legally elected to said office as member of said board of education.

"3. That before an election can be legally held for the purpose of election of members to said board of education in said district, said election must be legally called as provided by law, but that no legal call or legal notice was made for said election as is provided by law within and for said school district, and that for that reason said defendants, W. J. O'Brien and Charley Burns, were not duly and legally elected as members of said board of education as provided by law. That the attempted call or notice of said election, as attempted to be given, was not in conformity to law and was and is illegal and void, and that no legal election could have been had and held by the citizens of said school district.

"4. That at said attempted election said defendants named were not submitted to the voters of said school district at large, as is required by law that they should be, but that they were voted on by the voters of the wards in which they live, to wit: Charley Burns in ward No. 2, and W. J. O'Brien in ward No. 1 of said school district. That said school district is comprised of the territory within the city of Coalgate and certain outlying territory contiguous to the city limits of said city; that the names of said defendants were not submitted to the voters of said outlying territory to be voted on as such members of said school board at such election, and that their said names were not submitted to the voters of any of the other wards or voting precincts of said school district except to the voters who live and reside within the wards or voting precincts in

which said defendants live and reside at said attempted election, and that for that reason said election was not held and conducted as is contemplated and required by law and is therefore illegal and void, and said defendants were not elected as members of said board of education, and that they have no legal right to take possession of said office.

"5. That it is the information of these plaintiffs that said defendants have attempted to make and enter into some kind of a secret or clandestine contract or agreement with some one to act as superintendent of the schools of said district, which said contract seeks to bind the funds of said school district for the next fiscal year and to an unlawful and illegal contract and agreement, and thereby create illegal and unlawful debts and obligations of the said funds of said district for and during the said fiscal year; and that said attempted contract and agreement was so made and entered into at a time when said defendants were not and are not and could not as a matter of law become members of said board of education; and that said defendants are thereby attempting at this time to assume the duties of said members of said board of education, and that they are attempting to unlawfully and illegally discharge the powers and duties of said office; that upon the information and belief said plaintiff charges the above be the facts as he verily believes; and that unless said defendants are restrained and enjoined from taking possession of said offices as members of said board of education, they will attempt to carry out and put in force said unlawful and attempted agreements and unlawfully, illegally seek to bind the revenues of said district for the next fiscal year of said district to the discharge of such illegal and unlawful obligations.

"6. That said attempted election at which said defendants claim and assert that they were so elected as members of said board of education was illegally and unlawfully proclaimed or attempted proclaimed, and was illegally and unlawfully attempted to have been held and conducted: that the persons and parties attempted to proclaim said election was without authority of law to so proclaim the same; that the person and parties who attempt to so hold said election were without authority of law to so hold the same: that at a number of the precincts or voting places where said attempted election was being held, the voters who attempted to vote were denied the right and privelege of voting for members of the board of education, and that said attempted election is therefore illegal and void.

"7. That this plaintiff has no plain, adequate and complete remedy at law, and that this honorable court should issue a temporary restraining order against said

defendants,, restraining them temporarily from attempting to take possession of the office of member or director of the board of education of Coalgate, Okla., independent school district No. 1, as aforesaid, and that upon final hearing said restraining order be made permanent, and that they be forever and permanently enjoined from attempting to take possession of said offices; that they be temporarily restrained from doing any act or acts as members of said board of education, or from taking possession thereof or attempting to, in any manner, discharging the powers and duties of said office until the further order of this court.

"8. That the present members of said board of education shall hold their respective offices and continue to discharge the powers and duties thereof until their successors are duly and legally elected and qualified as required by law.

"Wherefore, premises considered, plaintiff prays the court to grant him the temporary restraining order against said defendants, W. J. O'Brien and Charley Burns, for the reasons aforesaid, temporarily restraining them and each of them from claiming the office of member or director or directors of said board of education, or from taking or attempting to take possession of said offices, or from taking the oath of said office, or from doing or attempting to do any matter or thing whatsoever in and about said offices, and that upon final hearing said temporary restraining order be made permanent and perpetual against said defendants and for all their cost about said suit expended."

The plaintiff herein moved to dismiss said action on the ground that Felix Wheeler had failed in said petition to show himself an interested party and failed to show any right to maintain said action. Said motion was overruled, and upon said petition the said P. L. Gassoway, as judge of said court, issued a temporary order restraining these plaintiffs from qualifying and entering upon the duties of the respective offices to which their certificates showed them to have been elected. Thereupon these plaintiffs applied to this court for a writ of prohibition to the said P. L. Gassoway and said Felix Wheeler, prohibiting them and each of them from proceeding further and from exercising any further jurisdiction in the matter.

In the meantime, the said E. Moore, as acting county attorney, moved the court for leave to appear and prosecute as plaintiff and to adopt the foregoing petition of the said Felix Wheeler as the state's petition, and to prosecute said proceeding to a final determination in the name of the state.

Upon an ex parte hearing the court sus-

tained the motion of E. Moore, thereby permitting him to adopt the foregoing petition of Felix Wheeler and to prosecute said proceeding in the name of the state.

Thereafter, and prior to the date set for final hearing on the temporary restraining order, these plaintiffs appeared and presented the following motion, to wit:

"Motion to Dismiss.

"Come now the foregoing defendants, and move the court and the Hon. P. L. Gassoway, district judge of said court, to dismiss the above styled cause of action for the following reasons:

"1. The said court, and the said district judge, are without jurisdiction to entertain said cause, or to try, hear, or determine the same.

"2. The said Felix Wheeler has no such interest in the cause as would entitle him to sue or to any relief whatever under the allegations in the petition filed by him.

"3. Neither the state of Oklahoma. on the relation of the acting county attorney of Coal county, nor the said Felix Wheeler, have such interest in said cause of action as will entitle them or either of them to any relief whatever under the allegations of the petition filed by Felix Wheeler or the said acting county attorney.

"Wherefore, said defendants pray that the petition and the amendment thereto be dismissed for want of prosecution.

"G. L. Grant,

"Attorney for Defendants."

The court sustained the above motion as to Felix Wheeler, but overruled same as to the right of said E. Moore to prosecute said action in the name of the state, and set a date, to wit, August 15, 1927, for final hearing on the restraining order.

Whereupon these plaintiffs now petition this court for a writ, prohibiting the said district judge and the said acting county attorney, and the said Felix Wheeler, and each and all of them, from proceeding further and from exercising further jurisdiction in this controversy.

Plaintiffs' right to the writ prayed for rests upon two propositions. viz.:

(1) That the petition of Felix Wheeler for injunction fails to show that either the said Felix Wheeler or said E. Moore are proper parties or have any interest in the proceeding, and fails to state facts sufficient to give the said district judge jurisdiction over the subject-matter.

(2) That the right of these plaintiffs to hold the offices to which they have been elected cannot be determined in an injunction proceedings, but must be determined in an action in the nature of a quo warranto.

In support of the first proposition these plaintiffs cite sections 459, 460, 461, C. S. 1921, and Garrett v. London, 107 Okla. 72, 229 Pac. 1077, which construes said statutes, holding:

"That a private individual bringing an action to declare an election void shall show title to or interest in the office involved, superior to that of other members of the general public."

Plaintiffs also cite Miller v. Town of Palmero, 12 Kan. 21, which decides the identical question.

Respondents contend that Garrett v. London, supra, dealt with a different state of facts from those here involved, and is not applicable; but it is immaterial whether or not the facts be identical, as the same statutes and same propositions of law were involved in Garrett v. London that are involved here, and therefore the decision in such case is controlling here, especially as to the respondent Felix Wheeler, and as to the respondent E. Moore, as acting county attorney, the petition shows no more interest on the part of the state than it does on the part of Felix Wheeler, for the reason that the acting county attorney simply adopted the petition of Felix Wheeler, without alleging any additional facts sufficient to show the state to be an interested party.

Hence, both respondents Felix Wheeler and E. Moore, having failed to state facts sufficient to show such interest in the controversy as to entitle them to relief, the court was without jurisdiction to issue the restraining order.

As to the second proposition, the rule is established by this court that a party having a due and proper certificate of election to an office is prima facie entitled to qualify and assume the duties of such office, and his right to do so on grounds of an illegal election cannot be tried and determined in an injunction proceeding, but must be by an action in the nature of quo warranto. See State ex rel. Love v. Smith, 43 Okla. 231, 142 Pac. 408, on the conclusiveness of a due and proper certificate of election, and Cheek v. Eye, 96 Okla. 44, 219 Pac. 883.

Under these authorities and in view of the lack of facts alleged in the petition for injunction. we are of the opinion that the district court was without jurisdiction for

lack of authority under the law to issue the restraining order herein complained of.

The issuance of the writ of prohibition is resisted by respondents on the ground that it is an extraordinary writ, very rarely issued, and on the further ground that, under the rules of this court, a writ will not issue until application for relief is presented to the trial court, but this record shows that plaintiffs herein appeared in the trial court and moved to dismiss for lack of interest of the parties and lack of jurisdiction of the court, and the court overruled the motion. Hence, it would be useless to require plaintiffs to return to the trial court and present a formal motion to dissolve the injunction, knowing beforehand what the court's ruling would be.

In a recent decision, to wit, Kincannon v. Pugh, 114 Okla. 91, 243 Pac. 945, the settled doctrine of this court is that:

"Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law."

It is our conclusion, therefore, that the writ should issue, and that the temporary restraining order issued by the trial court should be dissolved, and the clerk of this court is therefore directed to issue a writ of prohibition and mandate to said respondents, Felix Wheeler, E. Moore, and P. L. Gassoway, in accordance with the conclusions herein reached.

BRANSON, C. J., and MASON, PHELPS, HUNT, LESTER, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 32 Cyc. p. 1460. (2) 32 C. J. p. 257, §404; 32 Cyc. p. 1420; 35 Cyc. pp. 885 886; 9 R. C. L. p. 1155; 2 R. C. L Supp. p 932. (3) 32 Cyc. pp. 604 619; anno. 20 L. R. A. (N. S.) 947; 22 R. C. L. p. 16; 5 R. C. L. Supp. p. 1191.