**STATE ex rel. CAMERON et al. v. JONES et al.**

No. 24712.    Oct. 3, 1933.

Jas. R. Wood, for relators.

W. B. Howell, for respondents.

WELCH, J.  This is an original action by relators for a writ of prohibition against Honorable P. L. Gassoway, district judge of Coal county, and the other respondents above named.

The said other five respondents, Tom Jones, Mrs. Charles Hoye, Mrs. Tom Lampkin, Mrs. Anna Westerman, and Hayden Whitlock, as plaintiffs, commenced cause No. 5927, being an action in the district court of Coal county against the election board of Coal county for an injunction to restrain the said county election board from issuing certificates of election to the relators herein, and a temporary restraining order was issued.

The relators herein, Mrs. Sarah Cameron, Ed Edwards, J. T. Dyer, Joplin Rogers, and Frank Bowers, were candidates for election as members of the board of education of independent school district No. 2, in the town of Lehigh in Coal county. At a primary election held March 21, 1933, they won nomination of the political party of their choice and received their nomination certificates. Thereafter, at a general election held April 4, 1933, they were elected to membership on said board of education, and the county election board had canvassed the results of said election and were about to complete their duties by issuing certificates of election, when the respondent, Hon. P. L. Gassoway, district judge, at the suit of the other respondents in said cause No. 5927, issued a temporary restraining order against said election board.

The relators herein urge that there is no authority in law to restrain the holding of an election nor the canvassing and certification of the result thereof, nor the issuance of certificates of election to the successful candidates at a general election. That, although they called to the attention of the district court this lack of authority and jurisdiction, the respondent, district judge, refused to dismiss said cause No. 5927, or to vacate his temporary injunction order.

The question for our determination is whether this is an unauthorized application of judicial force such as to require or warrant prohibition from this court.

The petition in said cause No. 5927, in which the injunction order was issued, contained the following allegations, in substance:

(1) That the five plaintiffs in that action, Tom Jones, Mrs. Charles Hoye, Mrs. Tom Lampkin, Mrs. Anna Westerman, and Hayden Whitlock, are now holding office as members of the board of education in question.

(2) That the defendant, county election board, is about to wrongfully, illegally, and unlawfully prepare and deliver certificates of election to Mrs. Sarah Cameron, Ed Edwards, J. T. Dyer, Joplin Rogers, and Frank Bowers, showing that said last-named persons are "nominees, candidates, electees, or aspirants for the position or place as members or officers of the board of education, * * * or that all or one of said persons are entitled to supersede all or some of the plaintiffs herein as members of said board of education. * * *"

(3) That said act or acts of the election board, "* * * if permitted to be done, would be void, illegal, wrongful, and unlawful, as there was no vacancy in said board of education, for the reason that no primary or general election has been held or had as provided by law, wherein the said Mrs. Sarah Cameron, Ed Edwards, J, T. Dyer, Joplin Rogers, and Frank Bowers, or either of them, could be elected or named, or entitled to a place or position on the board of education, * * * and if permitted to be done, would work a great and irreparable damage to the plaintiffs, and that the plaintiffs have no adequate remedy at law."

It is in the third paragraph of the petition above quoted that the plaintiffs in cause No. 5927 seek to allege the facts entitling them to injunctive relief. The facts are not clearly pleaded, and these allegations are not free of the objection that they state legal conclusions instead of facts. But it is clear that by this action the plaintiffs, who are respondents to this action in this court, sought in the district court of Coal county to restrain the issuance of the certificates of election, and to test in the action for injunction the legality of the election, and sought in such action for injunction to prevent the newly elected members of the board of education from receiving their election certificates and becoming aspirants for or entitled to a place or position on the board of education. And, in fact, in this action for injunction the plaintiffs therein, who were the old members of the election board, sought to try the right and title to the office between themselves and the newly elected members of the board of education.

It is quite clear from the authorities that the right or title to a political office may not be tried by injunction.

The correctness of that rule is not questioned herein, but counsel for respondents insists that the court may enjoin the issu-

ance of a certificate of election. This identical question seems never to have been passed upon by this court, but it is now squarely before us for determination.

It has been generally held that purely political rights as distinguished from civil or property rights may not be determined in equity, Pagosa Springs v. People ex rel. (Patterson, Mayor, v. People ex rel. Parr [Colo.] 130 P. 618; Davis v. Wilson [Ark.] 35 S. W. (2d) 1020; Avery v. Hale [Ga.] 145 S. E. 76; Osgood v. Jones, 60 N. H. 543; Fleming v. Guthrie, Judge [W. Va.] 9 S. E. 23; Alderson v. Commissioners [W. Va.] 9 S. E. 868); and in recognition of this principle it was held in Davis v. Wilson, supra, that equity would not restrain officials from recognizing a person appointed to office, and it was held in State ex rel. Coffey v. McFarland (N. D.) 223 N. W. 931, that a person declared elected, and who had received his certificate, could not be restrained from acting officially.

While this court has never passed upon the question directly, it has been considered in other states, and the rule is stated in 32 C. J. 257, as follows:

"Election officers will not be enjoined from giving a certificate of election to the successful candidate, and the fact that there was fraud in the election sufficient to vitiate it, or that the election was held under a void statute, does not affect the operation of the rule. The right to hold office cannot be tried in a suit to enjoin certification of an election, the remedy being by quo warranto."

The Supreme Court of Colorado in deciding People ex rel. Bentley et al. v. McClees, Secretary of State, et al., 38 P. 468, wrote this syllabus:

"Where the Supreme Court was asked in the exercise of its original jurisdiction, to issue a writ of injunction to restrain the Secretary of State from delivering certificates of election to certain persons elected as district judges, the injunction being asked on the ground that the terms of the incumbents of such judicial offices were not about to expire, held, that the real question in controversy was the question of title to public offices between the individual claimants; that the controversy did not involve the rights or franchises of the people, nor the rights of the state in its sovereign capacity,—and so the writ was denied"

—and in the body of the opinion the following:

"In argument we were urged to assume jurisdiction in order to prevent an unseemly wrangle between contesting claimants to judicial offices. But there are no averments in the complaint showing that any unseemly wrangle is likely to occur. When the time arrives, if defendants shall demand the respective offices to which they claim to have been elected, and such demand be refused, there is nothing in the complaint to indicate that they will do anything more than seek by proper legal proceedings to have their predecessors ousted, and themselves inducted into office"

—and further in the body of the opinion, quoting from Spelling on Extraordinary Relief (vol. 1, sec. 620):

" 'Though there is some conflict of authority as to how far equitable relief by injunction may be successfully invoked to protect one in the possession and exercise of a public office, it is well settled by a a great preponderance of authority that injunction is not a proper remedy to try the title between rival claimants as to which is entitled to fill and exercise the duties of an office, quo warranto, and not injunction, being the proper remedy'."

In Adcock v. Houk, 122 S. W. 979, the Supreme Court of Tennessee, on appeal, considered an action very similar to the one at bar. In that action the old "Board of Mayor and Alderman of the City of Lonsdale," elected in 1907, desiring to hold over as against the new board elected in 1909, sought an injunction restraining the election commissioners from canvassing the votes and from issuing certificates to the new board, and also sought to restrain the new board from entering upon the discharge of their duties as mayor and aldermen, and the court held:

"The chancery court has no power to enjoin election officers from issuing a certificate of election, or to restrain public officers from assuming their functions, even though it be alleged that there was fraud in the election sufficient to vitiate it."

As applied to the instant case, the old board of education did not specifically seek in the district court of Coal county to restrain the newly elected board of education from entering upon the discharge of its duties, but that was the ultimate purpose of the action, and that would be the direct result if the injunctive order issued by the respondent district judge should stand.

In Anthony v. Burrow et al. (Circuit Court, Kan.) 129 Fed. 783, it was held:

"A court of equity has no jurisdiction to enjoin officers of a state, acting under a state statute, from issuing a certificate of nomination to a candidate for representative in Congress, the right involved being

purely political, as distinguished from a civil or property right, to which alone the jurisdiction of equity extends."

To a similar effect is Smith v. Doyle et al. (Ky.) 76 S. W. 519.

In Ward v. Sweeney, City Clerk, et al., 82 N. W. 169, the Supreme Court of Wisconsin considered on appeal a similar application for injunction, and in determining the case held as follows:

"In 1897 plaintiff and others were duly elected and qualified as aldermen. In 1899, at the regular municipal election, defendants were elected to take their place. Plaintiff sued for an injunction restraining the city clerk from issuing election certificates to defendants |and enjoining them from taking their seats 'during the terms of the aldermen now sitting.' The allegations of the petition alleged no threat on defendants' part, but simply asserted that defendants purposed making claim for their seats in accordance with the alleged opinion of the city clerk as to their rights therein. Held, that it was proper to deny the injunction, since to grant same would necessitate the trial of the title to such office, which could not be done in the present proceedings."

The respondents in this action urge their right to maintain the action for injunction in the district court of Coal county upon the theory of their right to prohibit any unauthorized person from intruding upon or interfering with them in the discharge of their duties as continuing members of the board of education, but they cite no authorities whatever to sustain the right and power to enjoin the issuance of certificate of election to successful candidates, and our rather careful investigation of the authorities discloses no such authority, but, on the contrary, we are convinced that when candidates for public office, nominated at primary elections held pursuant to statutory authority, receive their certificate of nomination, and thereafter at the ensuing general election such nominees are elected to such office, the district court has no power or authority, at the suit of the incumbents of such office, to restrain the issuance of certificates of election upon any claim of illegality of the election as is set forth in the petition filed in the district court of Coal county as hereinabove set out. Our statutes make ample provision for a civil action in the nature of or in lieu of quo warranto.

We therefore conclude that the respondent district judge of Coal county acted in excess of his judicial power and authority in issuing the injunctive order in said cause No. 5927, and that the relators in this action, being the newly elected members of the board of education, upon calling to the attention of the said judge of the district court his lack of judicial power and authority, were entitled to have the injunction order vacated and the cause dismissed.

It has been repeatedly held by this court that prohibition is a proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, or where the lack of jurisdiction is apparent on the face of the proceeding. State ex rel. Haskell, Governor, v. Houston, Judge, 21 Okla. 782, 97 P. 982; Kincannon et al. v. Pugh, Judge, 114 Okla. 90, 243 P. 945; O'Brien et al. v. Gassoway, Judge, 125 Okla. 97, 256 P. 929.

We therefore conclude that the writ of prohibition should issue from this court, prohibiting the respondents from proceeding further in the matter of the attempted restraining or enjoining of the county election board of Coal county from performing its clear legal duty of issuing certificates of election to the relators herein, and prohibiting the district court of Coal county from proceeding further in said cause No. 5927, except to dissolve its temporary injunction.

In order that said cause No. 5927 may be disposed of by appropriate order of the respondent district judge of Coal county vacating the injunction order and dismissing said cause, the issuance of the writ of prohibition is in the discretion of this court temporarily withheld.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.