ROBERTSON v. BREWER, Judge, et al.

No. 32088.    March 13, 1945.

*156 P. 2d 804.*

Hall & Cotton, of Oklahoma City, and E. G. Avery, of Wagoner, for relator.

Fred W. Martin and Chas. G. Watts, both of Wagoner, for respondents.

CORN, J. Petitioner, A. E. Robertson, seeks a writ of prohibition against the district court of Wagoner county and O. H. P. Brewer, one of the judges of said court, from proceeding wherein J. C. Pinson, one of the respondents, seeks by injunction to restrain Robertson from molesting him in the duties and functions of the office of county judge of Wagoner county.

In asking this court to assume jurisdiction and issue a writ of prohibition A. E. Robertson alleged, in substance, that he was duly elected county judge of Wagoner county at the general election held November 7, 1944, issued certificate of election by the county election board of said county, qualified according to law and started performing the duties of county judge on the 8th day of January, 1945.

That thereafter and on the 8th day of January, 1945, J. C. Pinson, his predecessor, brought an action in the district court of Wagoner county, cause No. 10414, styled J. C. Pinson, plaintiff, v. A. E. Robertson, defendant, wherein he asked for an injunction restraining and enjoining said defendant from molesting him in the performance of his official duties until further order of the court. Defendant filed in said cause his affidavit with exhibits attached, showing that he was the duly elected, qualified, and acting county judge of said county, and filed a motion to dismiss the action, said motion was overruled, and a temporary restraining order was issued restraining the defendant from molesting Pinson in the performance of the official duties of county judge of said county. Defendant Robertson filed a motion to dissolve temporary restraining order, and the same was overruled by said district judge.

Petitioner further states that the district court of Wagoner county and District Judge O. H. P. Brewer are without authority and jurisdiction to pass upon the petition of said Pinson other than to dismiss the case, and that he has no adequate remedy at law.

This case has been briefed at length by both parties. The contention of respondent J. C. Pinson is that as he was elected county judge of Wagoner county in 1942 he has a right to continue to serve as county judge of said county even after the expiration of the term for which he was elected and until Robertson, the duly elected and qualified county judge of said county, brings an action in the nature of quo warranto and have it judicially determined that his election was legal and entitled to the office, and an injunction will lie to prevent Robertson from interfering with him in the performance of the duties of said office until such determination is made.

Robertson, who was county judge elect, qualified by filing his bond and taking the oath of office, and having said bond approved by the county commissioners, January 2, 1945, as provided by law; therefore Pinson's term of office expired at the end of his term.

His attempt to hold the office any longer was in direct violation of the provisions of law fixing the exact time when his term of office expired.

After Robertson qualified for the office of county judge of Wagoner county according to law, his predecessor's term ended at the end of the 7th day of January, 1945, and Robertson's term started at the beginning of January 8, 1945, and he was entitled to assume the duties of county judge of said county and his right to do so cannot, on grounds that he was not a resident or an elector of said county when he filed for said office, and that he was not affiliated by registration with any political party in said county at the time he was nominated and elected to said office, be tried and determined in an injunction proceeding brought by his predecessor, but must be determined in an action in the nature of quo warranto.

After Robertson qualified for said

office it was the duty of Pinson at the expiration of his term to surrender the office to his successor, and should he then desire to contest his election or qualification, he could do so in a proceeding prescribed by law for determining contested claims to office.

Pinson claims the election certificate is void on its face. We find no merit in this contention.

See: O'Brien et al. v. Gassoway, District Judge, et al., 125 Okla. 97, 256 P. 929; State ex rel. Cameron et al. v. Jones et al., 165 Okla. 193, 25 P. 2d 648; People ex rel. Pauls et al. v. District Court of Elbert County et al., 46 Colo. 1, 101 P. 777; People ex rel. Williams v. Ried, 11 Colo. 138, 17 P. 302; and Stevens v. Carter, 27 Ore. 553, 40 P. 1074.

We therefore conclude that the writ of prohibition should issue from this court prohibiting the respondents from proceeding further in the injunction action, and prohibiting said district court, and judge thereof, O. H. P. Brewer, from proceeding further in cause No. 10414 in the district court of Wagoner county, except to dissolve its temporary injunction and dismiss said cause.

So that said cause. No. 10414 may be disposed of by appropriate order of the respondent district judge of Wagoner county vacating the temporary injunction and dismissing said cause, the issuance of the writ of prohibition is in the discretion of this court temporarily withheld.

OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.