2011 OK 36

**Raymond ENGLAND and Eva England, Plaintiffs/Appellees,**

v.

**Douglas D. WALTERS and Cindy M. Walters, Defendants/Appellants.**

No. 106,644.

Supreme Court of Oklahoma.

May 3, 2011.

Clark S. Wood, Sallisaw, Oklahoma, for plaintiffs/appellees.

William Orendorff and Matthew Orendorff, Sallisaw, Oklahoma, for defendants/appellants.

WINCHESTER, J.

¶ 1 The plaintiffs/appellees, Raymond England and Eva England, seek certiorari to review an opinion of the Court of Civil Appeals. That court reversed the trial court's refusal to vacate a judgment signed by a trial judge one day after his term had expired. The primary question before this Court is whether a judgment is valid if signed by the trial judge after his term expired but before his successor takes his oath of office. We hold that the judgment is valid.

¶ 2 In December of 2006 Judge Garrett conducted a bench trial regarding a land dispute, and took the matter under advisement so he could view the land. After he viewed the land, he told the appellees' counsel that he was ruling in their favor, and asked counsel to prepare a journal entry for his signature. He reviewed the proposed journal entry and signed it the day after his term was set to expire, but before his successor, Judge Payton, took his oath of office.

¶ 3 The defendants/appellants, Douglas D. Walters and Cindy M. Walters, filed a motion to vacate the judgment, alleging it was void, which motion Judge Payton denied. The appellants filed a petition in error, the Court of Civil Appeals determined the judgment was void, and reversed and remanded the case. The appellees filed a petition for certiorari, which this Court granted.

¶ 4 Title 51 O.S.2001, 1 provides in pertinent part that "the regular term of all officers elected under the laws of the state, when elected to a full term, shall commence on the second Monday of January next succeeding their election." In 2007 that date

fell on January 8, the date which Judge Payton took his oath of office.

¶5 In *Coyle v. Smith,* 1911 OK 64, 113 P. 944, aff'd 221 U.S. 559, 31 S.Ct. 688, 55 L.Ed. 853, the Court resolved various issues regarding the move of the State Capital from Guthrie to Oklahoma City. The governor called an extraordinary session more than fifteen days after the election in which the voters approved the move. One of the issues in *Coyle* was whether that legislative body was legally constituted. The Court found that it was. In its discussion of the expiration dates of certain members of the First Legislature, the Court observed that the framers of Oklahoma's Constitution set those legislators' terms to expire on a specific date, that is, the fifteenth day succeeding the day of the regular state election in 1908. The Court observed that the framers of the Constitution "intended to cover exigencies arising from a failure in an election or appointment, or after an election or appointment being had or made the officer fails to qualify. . . ." If that happened the incumbent of such office should remain in office until the successor is qualified. The Court reasoned this showed the abhorrence of the framers of the Constitution of bringing about an interregnum, a period of time where the functions of the government would be suspended. *Coyle,* 1911 OK 64, ¶11, 113 P. at 947.

¶6 The *Coyle* Court cited Article 23, § 10 of the Constitution, which provides: "all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified", and § 41 of the Schedule of the Constitution, which provides: "All persons elected at the time of the adoption of this Constitution to any of the offices provided under the Constitution shall be deemed to have duly qualified upon their taking the oath of office before any officer authorized by law to administer oaths, and executing such bond as may be required by law". The Court concluded that the framers of the Constitution intended for the terms of the members of the Lower House and the short-term Senators of the First Legislature would be less than two years. The terms were to expire on the fifteenth day succeeding the day of the regular state election in 1908 and the terms of their successors should begin that day. *Coyle,* 1911 OK 64, ¶9, 113 P. at 946–947.

¶7 The application of these provisions of our Constitution as applied to the unique facts found in *Coyle* reveals why that Court held as it did on this issue. In *Robertson v. Brewer,* 1945 OK 89, ¶6, 156 P.2d 804, 805, the Court recognized that after an officeholder takes the oath of office prescribed by the Constitution, the officeholder becomes "duly qualified" and succeeds to the office. *Coyle,* 1911 OK 64, ¶11, 113 P. at 947. Because Article 23, § 10 provides that officers shall continue in their offices until their successors are duly qualified, and *Coyle* and *Robertson* recognize that the succeeding officers do not become qualified to perform the duties of their office until they take their oaths, we conclude that a judge continues in office until his successor takes the oath. This constitutional provision avoids gaps between the time one judge leaves office and another takes that office. Judge Garrett properly continued to perform the duties of his office up until his successor was duly qualified by taking his oath of office.

¶8 Regarding allegations of irregularities in communication between the attorney for the appellees and Judge Garrett, the appellants cite no record revealing irregularities took place. Their allegations seem to remain in the realm of speculation of what may have happened. The trial attorney did not represent the appellants during the appeal, and we have no record of testimony to support these speculations of what communications occurred with the attorneys for the parties during the time Judge Garrett made his decision and signed the journal entry. We will presume the decision of the judge was correctly reached. *Reeves v. Agee,* 1989 OK 25, ¶16, 769 P.2d 745, 753.

CERTIORARI GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.

ALL JUSTICES CONCUR.